**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| E.C. and J.N., individually and as, | : |
| Parent and natural guardian of E.N., | : JUDGE KAROLINE |
| | : MEHALCHICK |
| **Plaintiffs,** | : |
| | : |
| VS. | : |
| | : JURY TRIAL DEMANDED |
| HANOVER AREA SCHOOL DISTRICT, | : |
| | : |
| **Defendant.** | : DOCKET NO.: 3:25-CV-01309 |

**DEFENDANT HANOVER AREA SCHOOL DISTRICT'S**
**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR**
**PRELIMINARY INJUNCTION**

Defendant Hanover Area School District ("the District"), by and through its undersigned counsel, hereby submits its brief in opposition to the motion for preliminary injunction filed by Plaintiffs E.C. and J.N., individually and as parents and natural guardians of E.N., a minor.

I. **Factual And Procedural Background.**

A. **Factual Background.**

On or about January 24, 2025, the District was notified by the Hanover Police Department of an alleged sexual assault perpetrated by E.N. against a fellow female student in the District. (*See* introduction to Plaintiffs' complaint, Doc. No. 1, at p.2 and ¶13). On the same day, the District's Principal John Sipper ("Mr. Sipper") had a telephone conversation with E.N. and E.N.'s parents, informed them of the

allegations against E.N. and afforded them an opportunity to respond to those allegations. (*See* Doc. No. 1 at ¶14; *see also* Phone Journal attached as Exhibit "F" to the District's appendix of exhibits in opposition to Plaintiffs' motion for preliminary injunction ("the District's Appendix")). On that same day -- in an effort to assess reports received from law enforcement, address a potential imminent threat and to make a timely assessment of student behavior which may indicate a threat to the safety of other students, the community or others – the District developed a safety plan to protect the interests of both E.N. and the alleged victim of E.N.'s alleged sexual assault ("the Safety Plan"). (*See* the Safety Plan attached as Exhibit "H" to the District's Appendix; *see also* Phone Journal attached as Exhibit "F" to the District's Appendix; *see also* Teachers Journal attached as Exhibit "G" to the District's Appendix; *see also* Affidavit of Nathan Barrett attached as Exhibit "K" to the District's Appendix; *see also* Affidavit of John Sipper attached as Exhibit "L" to the District's Appendix). As part of the Safety Plan -- not discipline or punishment -- E.N. and his parents were notified that the District would provide alternative public education through Cyber School as well as his continued vocational curriculum at Wilkes-Barre Area Career and Technical Center ("WBCTC"). (*See* the Safety Plan attached as Exhibit "H" to the District's Appendix; *see also* Affidavit of Nathan Barrett attached as Exhibit "K" to the District's Appendix; *see also* Affidavit of John Sipper attached as Exhibit "L" to the District's Appendix; see also

January 29, 2025 email attached as Exhibit "B" to the District's Appendix; *see also*

January 30, 2025 email attached as Exhibit "C" to the District's Appendix; *see also*

February 26, 2025 email attached as Exhibit "D" to the District's Appendix; see also

March 7, 2025 email attached as Exhibit "E" to the District's Appendix"; see also

phone journal attached as Exhibit "F" to the District's Appendix; *see also* Teacher

Journal attached as Exhibit "G" to the District's Appendix).

### B.    <u>Procedural Background.</u>

On July 17, 2025, Plaintiffs filed their civil complaint against the District. (*See* Doc. No. 1, *generally*).  Contemporaneously, Plaintiffs filed their motion for a preliminary injunction seeking E.N. reinstatement into the District and WBCTC. (*Id.*).

## II.    <u>Argument.</u>

### A.    <u>Preliminary Injunction Standard.</u>

This Court must consider four factors when ruling on the District's motion for preliminary injunction: (1) whether Plaintiffs have shown a reasonable probability of success on the merits; (2) whether Plaintiffs will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the District; **<u>and</u>** (4) whether granting preliminary relief will be in the public interest.  *See Mattison v. E. Stroudsburg Univ.*, No. 3:12-CV-2557, 2013 U.S. Dist. LEXIS 52579, *7 (M.D. Pa. April 12, 2013)(*citing American Exp. Travel Related*

*Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012))(emphasis added). So extraordinary is the remedy that "[a] party's failure to establish **any** element in its favor renders a preliminary injunction inappropriate." *See Opticians Ass'n of Am. v. Independent Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)(emphasis added). For the reasons set forth below, Plaintiffs fail to state a viable claim let alone a clear right to relief.

**B.    Plaintiffs Are Not Likely To Prevail On The Merits Of Their Fourteenth Amendment Procedural Due Process Claim (Count I).**

**1.    Plaintiffs Have Not Sufficiently Pled An Underlying Violation Of A Federal Constitutional Or Statutory Right.**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Tatsch-Corbin v. Feathers*, 561 F. Supp. 2d 538, 543 (W.D. Pa. 2008) (*citing West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).

"Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 (3d Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)); *Puckett v. Miller,* No. CV 15-1019, 2019 U.S. Dist. LEXIS 222382, *13 2018 U.S. Dist. LEXIS 16039, 2018 WL

658926, at *6 (W.D. Pa. Feb. 1, 2018) (Fischer, J.) (*quoting Morse*, 132 F.3d at 907).

Accordingly, "[a] plaintiff cannot prevail in an action brought under § 1983 without

establishing an underlying violation of a federal constitutional or statutory right."

*Ickes v. Borough of Bedford*, 807 F. Supp. 2d 306, 315 (W.D. Pa. 2011) (Gibson, J.)

(citing *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569

(1997)). "The first step in evaluating a section 1983 claim is to 'identify the exact

contours of the underlying right said to have been violated' and to determine

'whether the plaintiff has alleged a deprivation of a Constitutional right at all.'"

*Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (*quoting County Of Sacramento v.

Lewis*, 523 U.S. 833, 841 n. 5, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998));

*Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (*quoting

Nicini*, 212 F.3d at 806).

In the matter *sub judice*, Plaintiffs have failed to state a claim because E.N.'s

entitlement to a public education was not infringed.  (*See* Exhibits "A"-"L" of the

District's Appendix).  Upon being notified by law enforcement of the pending sexual

assault allegations involving E.N., the District informed E.N. and his parents of the

allegations against E.N.  (*See* introduction to Plaintiffs' complaint, Doc. No. 1, at p.2

and ¶¶13-14; *see also see also* Phone Journal attached as Exhibit "F" to the District's

Appendix; *see also* Affidavit of Nathan Barrett attached as Exhibit "K" to the

District's Appendix; *see also* Affidavit of John Sipper attached as Exhibit "L" to the

District's Appendix).  On that same day, the District -- in an effort to continue to educate both E.N. and the alleged victim of E.N.'s alleged sexual assault, to assess and respond to reports received from law enforcement, addressing a potential imminent threat and to make a timely assessment of, and intervention with, students whose behavior may indicate a threat to the safety of other students, the community or others -- developed a safety plan to protect the interests of both E.N. and the alleged victim of E.N.'s alleged sexual assault ("the Safety Plan").  *(See* the Safety Plan attached as Exhibit "H" to the District's Appendix; see also Plaintiffs' complaint, Doc. No. 1, at ¶22).  As part of the Safety Plan -- not discipline or punishment -- E.N. was provided alternative public education through Cyber School. (*Id.*).

It is well established that a student's choice of schools is not a protected liberty interest under Fourteenth Amendment.  *Pocono Mtn. Charter Sch. v. Pocono Mtn. Sch. Dist.*, 442 Fed. Appx. 681, 685 n. 5 (3d Cir. 2011)(placement in cyber school not unconstitutional).  Thus, E.N.'s placement into Cyber School is not unconstitutional nor violative of any of E.N.'s state or federal rights.  *Id.* (*See also* Plaintiffs' complaint, *generally*; *see also* Exhibits "A"-"H" of the District's Appendix).

Further, E.N. has continued to attend WBCTC albeit with various protective measures which ensure the safety of E.N. and the alleged victim of E.N.'s alleged sexual assault who also attends WBCTC.  (*See* Phone Journal attached as Exhibit "F" to the District's Appendix; *see also* Teachers Journal attached as Exhibit "G" to the District's Appendix; *see also* Safety Plan attached as Exhibit "H" to the District's Appendix; *see also* WBCTC attendance record attached as Exhibit "I" to the District's Appendix; *see also* E.N.'s Third Quarter Report Card attached as Exhibit "J" to the District's Appendix).  Specifically, the District's safety plan enables E.N. to meet his curriculum obligations by entering and exiting through the side entrance of WBCTC to "avoid possible interaction with the other student" and use of an individualized restroom.  (*Id.*).

To the extent that Plaintiffs are attempting to advance a claim that E.N.'s due process rights were violated for a deprivation of a liberty interest in reputation, Plaintiffs must allege a stigma to his reputation plus deprivation of some additional right or interest, *i.e.* "stigma-plus" test.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006).  Here, although E.N. has alleged his reputation was harmed as a result of his removal from school, E.N. has not sufficiently alleged a deprivation of an additional right or interest for the reasons set forth previously.  (*See* Plaintiffs' complaint at Count I, *generally*; *see also* Exhibits "A"-"L" of the District's Appendix).

7

## 2.    E.N. Was Provided With All The Due Process To Which He Was Entitled.

In *Goss v. Lopez*, 419 U.S. 565, 581, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975), the United States Supreme Court established the requirements of due process for a suspension of ten days or less of a public school student. *See Cole v. Central Greene Sch. Dist.*, No. 2-19-CV-00375, 2019 U.S. Dist. LEXIS 222382, ** 18-19 (W.D. Pa. December 27, 2019).    Students facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given **oral or written** notice of the charges against him and, if he denies them, an explanation of the evidence. *Id.* (*citing Shuman ex. Rel. Shertzer v. Perm Manor Sch. Dist.*, 422 F.3d 141, 150 (3d Cir. 2005) and *quoting Goss*, 419 U.S. at 581).

For the reasons set forth above, E.N. was not expelled nor suspended.  (*See* Exhibits "A"-"L" of the District's Appendix).  Even assuming as true that E.N. was "expelled", E.N. and his parents, as Plaintiffs allege in their complaint, were informed of the sexual assault allegation against him on the very day the District learned of the allegation.  (*Id.*).  There is equally no dispute that Mr. Sipper met and communicated with E.N. and his parents within three (3) days of the District learning of the allegations against E.N.  (*Id.*).  Moreover, as Plaintiffs also confess, E.N. started attending school virtually on January 29, 2025 -- two (2) days after District

learned of the allegations against E.N. (*See* Plaintiffs' complaint, Doc. No. 1, at ¶¶13, 22).

This is all procedural due process requires.  "[O]nce school administrators tell a student what they heard or saw, ask why they heard or saw it, and allow a brief response, a student has received all the process that the Fourteenth Amendment demands".  *See Goss*, 419 U.S. at 583.  E.N. and his parents may dispute the substance of the decision, but the District provided him with the requisite procedural due process.[1]

---

[1]    As the United States Supreme Court explained in *Goss*:

> There need be no delay between the time 'notice' is given and the time of the hearing. In the great majority of cases the disciplinarian may informally discuss the alleged misconduct with the student minutes after it has occurred. We hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is …

> Since the hearing may occur almost immediately following the misconduct, it follows that as a general rule notice and hearing should precede removal of the student from school.  *Goss*, 419 U.S. at 582.

**C.    Plaintiffs Purported Claims Pursuant to Pennsylvania's School Code Under 42 P.S. §13-1318.1, Pennsylvania's Students Rights Regulations Under 22 Pa. Code §12.6 And Career And Technical Access Rights Under 22 Pa. Code §339.22 (Count II-IV) Fail To State A Claim Upon Which Relief May Be Granted.**

As the United States Court of Appeals for the Third Circuit noted, "state law does not ordinarily define the parameters of due process for Fourteenth Amendment Purposes; rather, the minimum, constitutionally mandated requirements of due process in a given context and *c*ase are supplied and defined by federal law, not by state law or regulations." *Id.* (*citing Patterson v. Armstrong Cnty. Children & Youth Servs.*, 141 F. Supp. 2d 512, 537 (W.D. Pa. 2001) (Lee, J.)).  Therefore, Plaintiffs -- whose claims in Counts II-IV of their complaint are based upon state law -- must show (1) a deprivation of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide 'due process of law in order to state a procedural due process claim under Section 1983.  *Hill*, 455 F.3d at 233-234 (3d Cir. 2006).

Here, Plaintiffs rely upon Pennsylvania's Students Rights Regulations, 22 Pa. Code §12.6, and Pennsylvania's Vocational Career and Technical Access Rights, 22 Pa. Code §339.22**,** as the standard by which process is due to students. Plaintiffs take issue with the process afforded to E.N. and case law applying those statutes.   This analysis misses the mark.  In *Z.H. ex rel. Berish v. Penn Hills Sch. Dist.*, No. 12- cv-

1696, 2013 U.S. Dist. LEXIS 10338, 2013 WL 300753, at **4-5 (W.D. Pa. Jan. 25, 2013), the court explained:

> The United States Court of Appeals for the Third Circuit has held that failure to comply with the provisions of 22 Pa. Code § 12.8(c) "does not alone establish a violation of due process. *Shuman ex rel. Shertzer v. Perm Manor Sch. Dist.*, 422 F.3d 141, 150 n. 4 (3d Cir. 2005).

The same result is warranted here relative to 22 Pa. Code §12.6 and 22 Pa. Code §339.22. For the reasons set forth above, E.N. was not deprived of a Constitutional right or, in the alternative, was provided with all the due process to which he was entitled. Thus, Counts II-IV of Plaintiffs' complaint should be dismissed.

Further, although Mr. Sipper originally believed that 42 Pa. Code §13-1318.1 ("Act 110") was applicable, as previously stated, E.N. was not expelled nor disciplined based upon any perceived or alleged conviction for any of the allegations for which E.N. was being investigated. Thus, Act 110 is inapplicable to the instant matter. (*See* Exhibits "A"-"H" of the District's Appendix; *see also* Plaintiffs' complaint, Doc. No. 1, at ¶¶13, 22).

III.    **Conclusion.**

Based upon the foregoing, Defendant Hanover Area School District respectfully demands judgment in its favor and against Plaintiffs on all counts of Plaintiffs' complaint as well as dismissal of Plaintiffs' motion for preliminary injunction with prejudice.

Respectfully submitted,

*/s/ Mark W. Bufalino*
Mark W. Bufalino, Esquire
15 Public Square, Suite 210
Wilkes-Barre, Pa. 18701
(570) 814-7377
bufalinolaw@gmail.com

DATED: July 31, 2025

## **CERTIFICATE OF SERVICE**

I, Mark W. Bufalino, hereby certify that on this date a true and correct copy of the foregoing brief in opposition to Plaintiffs' motion for preliminary injunction was served via electronic filing, email and first class mail, postage prepaid upon:

Barry Dyller, Esquire
Dyller & Solomon, LLC
88 North Franklin Street
Wilkes-Barre, PA 18701

Respectfully submitted,

*/s/ Mark W. Bufalino*
Mark W. Bufalino

Dated: July 31, 2025